**Not for Publication**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAMBUSER AB, *Plaintiff*, v. SITO MOBILE R&D IP, LLC, and SITO MOBILE, LTD., *Defendants*. | Civil Action No. 23-21757<br><br>**OPINION**<br><br>September 30, 2025 |

**SEMPER**, District Judge.

The current matter comes before the Court on Defendants SITO Mobile R&D IP, LLC and SITO Mobile, Ltd.'s ("SITO" or "Defendants") motion to dismiss Plaintiff Bambuser AB's ("Bambuser" or "Plaintiff") First Amended Complaint (ECF 32, "FAC") pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF 35, "Def. Mot."). Plaintiff opposed the motion. (ECF 38, "Opp."). Defendant filed a reply. (ECF 39, "Reply"). The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons stated below, SITO's Motion to Dismiss is **GRANTED**.

## I.      FACTUAL BACKGROUND AND PRODUCURAL HISTORY[1]

The Court does not retrace the full factual and procedural history in this case, which is detailed in its prior Opinion dated September 3, 2024, and incorporates such factual and procedural

---

[1] The allegations in the FAC must be accepted as true solely for purposes of this Motion, except where conclusory or implausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

history herein. (ECF 30, "Op." or "Opinion".) To summarize, Defendant SITO owns and control licensing rights to at least six United States patents ("the Patents") that deal broadly with adaptive streaming technologies. (*Id.* ¶ 6.) SITO brought an action in federal court in the Western District of Texas against SFA Holdings, Inc. ("SFA"), a non-party in this litigation, for patent infringement related to the Patents (the "SFA Action"). (*Id.* ¶ 8; *see* ECF 32-1, "SFA Compl.") That action remains stayed pending final resolution of the instant lawsuit. (ECF 26-1, "Order" in *SITO Mobile R&D IP, LLC and SITO Mobile, LTD v. SFA Holdings, Inc.*, No. 23-688, (April 19, 2024 W.D. Tex.).) Plaintiff Bambuser is not party to the SFA Action but has contractually agreed to defend and indemnify SFA in that action pursuant to the terms of an agreement governing the relationship between SFA and Bambuser. (Op. at 2.)

On November 1, 2023, Bambuser filed a lawsuit against Defendant SITO in this Court, requesting declaratory judgment for each patent that Plaintiff has not infringed the six Patents and/or that the Patents are invalid. (ECF 1, "Compl." ¶ 1.) On September 3, 2024, this Court granted SITO's motion to dismiss Plaintiff's complaint for lack of standing under Federal Rule of Civil Procedure 12(b)(1) and granted Plaintiff leave to file an amended complaint. (*See* Op. at 8-9.) Plaintiff filed the FAC on October 29, 2024, seeking the same declaratory relief as in the original complaint. (*Compare* FAC ¶ 1 *with* Compl. ¶ 1.) Defendant then filed the instant motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff still lacks standing in this lawsuit. (*See* Def. Mot. at 1.) Plaintiff opposed the motion (ECF 38), and Defendant replied (ECF 39).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a court to dismiss a complaint for lack of subject matter jurisdiction because a party lacks standing. *Ballentine v. United States*, 486 F.3d

806, 810 (3d Cir. 2007). Two types of challenges can be made under Rule 12(b)(1): a facial attack or a factual attack. *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to consider the allegations of the complaint as true." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (internal quotation marks and citations omitted). A factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Const. Party of Penn. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

"In reviewing facial challenges to standing, [courts] apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)." *In re Horizon*, 846 F.3d at 633. Courts "only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Const. Party of Penn.*, 757 F.3d at 358 (citations omitted). When considering a factual challenge, by contrast, "a court may weigh and consider evidence outside the pleadings." *Id.* (quotation marks and citations omitted).

### III.   ANALYSIS

Defendants move to dismiss under Rule 12(b)(1), arguing that this Court lacks subject matter jurisdiction over this suit because Plaintiff lacks Article III standing to bring suit for declaratory relief in this District. (Def. Mot. at 1.) Plaintiff asserts that it does have standing to bring this declaratory judgment action because the FAC establishes that SITO's litigation efforts against Bambuser's customers carried an implied assertion of infringement against Bambuser. (Opp. at 1.) Notably, all six counts from the originally filed complaint and the FAC are identical. (*Compare* Compl. ¶¶ 16-39 *with* FAC ¶¶ 36-59). Plaintiff adds no factual allegations that would permit this Court to alter its ruling from its prior Opinion.

The Declaratory Judgment Act ("DJA") provides that

in the case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

28 U.S.C. § 2201(a). The Supreme Court has explained that the "actual controversy" requirement of the Act refers to the types of "cases" and "controversies" justiciable under Article III. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted).

In the patent context, the Court of Appeals for the Federal Circuit has articulated the considerations for assessing whether a plaintiff seeking a declaratory judgment has met the case-or-controversy requirement of Article III. *See Mitek Sys., Inc. v. United Servs. Auto. Ass'n*, 34 F. 4th 1334 (Fed. Cir. 2022). This Court applies the law of the Court of Appeals for the Federal Circuit to this issue because an assessment of liability for patent infringement implicates substantive patent law. *See In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803 (Fed. Cir. 2000).

Under *Mitek*, to determine whether a plaintiff might reasonably be liable for infringement, a district court should look to the elements of the potential cause of action, then consider both the patent claims at issue and the alleged facts concerning the plaintiff in light of those elements. 34 F. 4th at 1343. Although the plaintiff is not obligated to prove, for jurisdictional purposes, that it infringes the patents-in-suit, "there must be allegations by the patentee or other record evidence that establish at least a reasonable potential that infringement claims against him could be brought." *Id.* (quoting *Microsoft Corp. v. Data Tern, Inc.*, 755 F.3d 899, 905 (Fed. Cir. 2014)). "This requires separate consideration of the separate types of infringement (notably, direct infringement, inducement of infringement, and contributory infringement) of the claims of the

4

patents-in-suit, and of the bearing on any infringement of such claims of the fact stressed by the district court" *Id*.

The DJA also provides that courts "*may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201 (emphasis added). Based on this permissive language in the statute, the Supreme Court has held that its "textual commitment to discretion" vests federal courts with "unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (citations omitted).

In *Mitek*, the Federal Circuit separately addressed the standard for discretionary dismissals of declaratory judgment actions. The Court in *Mitek* counseled that:

> [A]s long as a district court "acts in accordance with the purposes of the Declaratory Judgment Act and the principles of sound judicial administration, [it] has broad discretion to refuse to entertain a declaratory judgment action." *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 813-14 (Fed. Cir. 1996). But, consistent with the constraints imposed by the noted statutory purposes and judicial-administration principles, we have insisted: "There must be well-founded reasons for declining to entertain a declaratory judgment action." *Capo, Inc. v. Dioptics Medical Products*, 387 F.3d 1352, 1355 (Fed. Cir. 2004); *see also Micron*, 518 F.3d at 903-05; *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 936 (Fed. Cir. 1993). As an example, we explained in *Ford Motor Co. v. United States* that, "[w]hile the existence of another adequate remedy does not necessarily bar a declaratory judgment, district courts may refuse declaratory relief where an alternative remedy is better or more effective." 811 F.3d 1371, 1379-80 (Fed. Cir. 2016) (citations omitted); *see also* 10B Wright & Miller § 2758 & n.6 (4th ed. Apr. 2022 Update).

*Mitek*, 34 F. 4th at 1347. In short, the Court construes *Mitek* to require district courts to provide good reason for dismissing a declaratory judgment action.

Defendants here challenge the Court's subject matter jurisdiction based on the FAC. (*See* Def. Mot. at 3.) Both Plaintiff and Defendants argue that Federal Circuit precedent *Microsoft Corp. v. DataTern, Inc.* supports their position. 755 F.3d 899 (Fed. Cir. 2014). The Court follows the Federal Circuit's analysis in *Microsoft* in assessing Defendants' jurisdictional challenge.

5

In *Microsoft*, the Federal Circuit reviewed whether the district court had subject matter jurisdiction *de novo*, holding that the district court did have jurisdiction over challenges to some patents but not others. *See* 755 F.3d at 903. The threshold question for declaratory judgment jurisdiction is "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007) (citation omitted). The Court in *Microsoft* determined that declaratory judgment jurisdiction existed for some patents specifically because the underlying infringement claims "carried an implied assertion that [the declaratory judgment plaintiff] was committing contributory infringement, and [the patentee] repeatedly communicated this implicit accusation directly to [the declaratory judgment plaintiff] during the course of a protracted negotiation process." *Microsoft*, 755 F.3d at 903 (quoting *Arris Group Inc. v. British Telecommunications PLC*, 639 F.3d 1368, 1381 (Fed. Cir. 2011).

Here, there are no factual allegations which indicate Plaintiff's direct or contributory infringement of the Patents. The Court in *Microsoft* centered its analysis on the relevant factual allegations in the underlying customer suits in distinguishing which patents afforded declaratory judgment jurisdiction and which did not. *See id.* at 905-06. This Court endeavors to do the same. In *Microsoft*, the patent claims that *did* establish declaratory judgment jurisdiction alleged Microsoft's involvement, specifically that Microsoft "encourage[ed] the exact use which DataTern asserts amount to direct infringement" and thus there was substantial controversy regarding Microsoft's inducement to infringe on the patents-in-suit. *Id.* at 905. Here, there are no claims or factual allegations that could be read to allege that Plaintiff encouraged the use of SITO patents that would amount to direct infringement. There are also no allegations that would establish

6

controversy between SITO and Bambuser with respect to contributory infringement. Moreover, in the underlying SFA Action, SITO alleges that SFA directly infringed its patents but makes no mention of Plaintiff in the Complaint regarding direct infringement or contributory infringement through inducement.[2] (*See generally* SFA Compl.). The record does not provide this Court with sufficient allegations to establish a substantial controversy regarding inducement.

Similar to the present facts, the patent claims in *Microsoft* that *did not* establish declaratory judgment jurisdiction did not imply or assert that Microsoft had induced the alleged infringement: "Nothing in the record suggests that Microsoft encouraged the acts accused of direct infringement, and ***simply selling a product capable of being used in an infringing manner is not sufficient to create a substantial controversy regarding inducement***." *Microsoft*, 755 F.3d at 904 (emphasis added).

Bambuser alleges that SITO through the SFA Action, as well as through threatened litigation against another Bambuser customer Uniqlo, has "implied . . . that Bambuser is committing contributory and/or induced infringement."[3] (FAC ¶¶ 9-27.) However, as discussed above, the FAC does not sufficiently show that there is a substantial controversy of sufficient

---

[2] In fact, the SFA Complaint makes no mention of Plaintiff Bambuser at all. (*See* ECF 32-1.)

[3] In addition to SITO's SFA Action, Bambuser relies on SITO's threatened litigation against Uniqlo in the Southern District of New York. (*See* FAC ¶¶ 17-29; FAC, Ex. B.). However, to the extent that Bambuser attempts to pursue an economic theory out of concern for its current or potential customers' freedom to operate, this is an economic theory rejected by the Federal Circuit. *Arris*, 639 F.3d at 1374 ("[W]e have not held that economic injury alone is sufficient to confer standing in patent cases seeking a declaratory judgment.") As such, Plaintiff's FAC does not state a case or controversy as to the Uniqlo issue either. Bambuser also asserts that "[a]fter filing the SFA Complaint and transmitting the Uniqlo Complaint, SITO requested that Bambuser resolve all SITO's allegations of infringement against SFA, Uniqlo, and all other Bambuser customers by taking a license directly from SITO." (FAC ¶ 28.) However, this Court finds that these purported negotiations do not appear to rise to the level of a "protracted negotiation process" that might have supported jurisdiction. *Microsoft*, 755 F.3d at 906; *see also Arris*, 639 F.3d at 1381.

immediacy and reality to warrant the issuance of a declaratory judgment. *See MedImmune*, 549 U.S. at 127. Plaintiff's conclusory argument that "it is clear that the FAC properly pleads that SITO's allegations in its Uniqlo and SFA Complaints impliedly accuse Bambuser of infringement" because the claims charts attached to its complaints indicate that it supplied SFA with technology is unavailing. (Opp. at 10.) Moreover, Uniqlo has not been sued, and this Court already determined that Defendants' threatened litigation against Uniqlo, another customer of Plaintiff, is insufficient to confer standing here. (*See* Op. at 9.)

Plaintiff argues for the first time in opposition that it has sufficiently alleged contributory infringement because the technology it supplied to SFA and Uniqlo "does not have any substantial other uses." (FAC ¶ 26.) However, there is no evidence in the record beyond this conclusory allegation that Plaintiff's technology "is not suitable for substantial non-infringing uses," or that Plaintiff knew that it was "especially made or adapted for use in an infringement" of the Patents. *Microsoft,* 755 F.3d at 906. Conclusory statements like these "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Rather, courts must "disregard threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements." *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021) (quoting *James v. City of Wilkes-Barre*, 700 F.3d 675, 681 (3d Cir. 2012)). This Court need not and will not here "accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

Critically, the *Microsoft* Court specified that plaintiffs do not "have a right to bring [a] declaratory judgment action solely because their customers have been sued for direct infringement." *Id.* at 904. That is precisely what is happening here. In agreeing to indemnify SFA, Plaintiff can defend SFA in federal court in the Western District of Texas and effectively

8

participate in the SFA Action.  Plaintiff provides no other allegations of direct or contributory infringement sufficient for Article III standing.

For these reasons and for the same reasons the Court dismissed Plaintiff's original complaint, Plaintiff lacks Article III standing to bring this suit. (*See* Op. at 8-10.)  Therefore Defendants' Motion to Dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is **GRANTED**, and the FAC is **DISMISSED** without prejudice.  *See Malhan v. Beyer*, No. 23-3264, 2024 WL 5244547, at *1 (3d Cir. Dec. 30, 2024) ("When a court dismisses a case for lack of subject matter jurisdiction, the res judicata effect of such a decision is limited to the question of jurisdiction, and, because it is not an adjudication on the merits, the disposition of such a case should be without prejudice") (cleaned up).

### IV. CONCLUSION

For the reasons stated above, SITO's motion to dismiss the FAC (ECF 35) is **GRANTED**. Plaintiff's FAC (ECF 32) is **DISMISSED** without prejudice.  An appropriate order follows.

*/s/ Jamel K. Semper         .*
**Hon. Jamel K. Semper**
**United States District Judge**

Orig:     Clerk
cc:       Jessica S. Allen, U.S.M.J.
          Parties